USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/08



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

DAVID M. HAZAN
*Senior Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

# MEMO ENDORSED

September 15, 2008

**VIA HAND DELIVERY**
Honorable Colleen McMahon
United States District Judge
United States District Court, S.D.N.Y.
500 Pearl Street, Room 640
New York, New York 10007-1312

OK - time + ended

[signature] Colleen McMahon
9/16/08

Re: <u>Carlton Wilson v. Capt. Vaughn, et. al</u>, 07 Civ. 5966 (CM)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of the Comptroller of the City of New York, William C. Thompson.[1] In essence, plaintiff's complaint alleges that excessive force was used against him during an incident on or about October 11, 2006, while he was incarcerated at Riker's Island. Consequently, defendant William C. Thompson respectfully requests a sixty-day enlargement of time, from September 15, 2008 until November 14, 2008, to answer or otherwise respond to plaintiff's complaint. I write directly to the Court because plaintiff is incarcerated and proceeding *pro se* in this matter. This is the first request for an enlargement of time to respond to the complaint.

In addition to Comptroller Thompson, plaintiff names Captain Vaughn, Correction Officer Mercado, and Warden Fidel Gonzalez as defendants. Upon reviewing the civil docket sheet for the above-referenced matter, it does not appear that Captain Vaughn, Correction Officer Mercado, and Warden Fidel Gonzalez have been served with process. Therefore, a decision concerning this Office's representation of these officers has not yet been made and accordingly, this request for an extension of time is not made on their behalf. However, assuming that the

---

[1] This case has been assigned to Assistant Corporation Counsel Ezra Schulman, who is presently awaiting admission to the bar, and is handling this matter under supervision. Mr. Schulman may be reached directly at (212) 442-8600.

individual officers are timely served, given the time required to determine whether to represent a correction officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in plaintiff's complaint. Furthermore, plaintiff claims that he was physically injured as a result of excessive force used by correction officers. Therefore, this office is in the process of forwarding to plaintiff for execution, HIPAA complaint medical releases for the medical records related to his injuries so that defendant can access the information properly assess the case, and respond to the complaint.

Additionally, assuming service of the individual officers by defendants is timely, this enlargement will allow this office time to conduct an inquiry to determine whether it may represent the defendants in this action. Pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each officer. Each officer must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Only then can this office interview the officers for the purposes of responding to the complaint.

I would like to assure the court that we are attempting to move forward in this litigation as expeditiously as possible, and that the requested enlargement is necessary in order for us to proceed effectively. Accordingly, we respectfully request a sixty-day enlargement of the defendants' time to respond to the complaint, until November 14, 2008.

I thank the Court for its time and consideration in this matter.

Respectfully submitted,

David Hazan
Senior Counsel
Special Federal Litigation Division

cc: **Via First Class Mail**
Carlton Wilson
07A4614
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY 12733